In the Matter of Thomas
J. BRODERICK,
Respondent.

No. 48S00–0810–DI–564.

Supreme Court of Indiana.

June 25, 2010.

*PUBLISHED ORDER FINDING MIS-
CONDUCT AND IMPOSING DIS-
CIPLINE*

Upon review of the report of the hearing officer, the Honorable Jeffrey D. Todd, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** In 2001, Respondent's then 19–year–old son was charged with battery in Florida. Respondent wrote to the Florida prosecutor requesting deferral of prosecution, to which the prosecutor agreed.

In October 2003, Respondent's son was arrested in Delaware County, Indiana, and charged with operating a vehicle while intoxicated ("OWI"). Respondent, representing his son, discussed with the prosecutor and the administrator of the deferral program the possibility of resolving the case without a criminal conviction. Based on the information presented, the administrator determined that the son was eligible for a deferral. Respondent did not disclose his son's arrest in Florida, but he was asked no question that would have required him to disclose it.

Respondent and his son later met with the deferral program administrator to review the terms of the three-page deferral agreement ("Agreement"). The Agreement contained the false statement that the defendant had no prior arrests. Respondent, however, was unaware of the statement because he did not read the Agreement before he and his son signed it, relying instead, Respondent asserts, on the administrator's summary of the Agreement and his familiarity with deferral agreements in Madison County, which, in his experience, did not contain such a statement.

**Violation:** The Commission charged Respondent with violating Professional Conduct Rule 4.1(a) by knowingly making a false statement of material fact to a third person in the course of representing a client and with violating Professional Conduct Rule 8.4(d) by engaging in conduct prejudicial to the administration of justice.

" 'Knowingly' ... denotes *actual knowledge* of the fact in question." Prof. Cond. R. 1.0(f) (emphasis added). It is undisputed that Respondent did not actually know the Agreement contained a false statement of fact. The Commission argues that an intentional choice to remain ignorant of a likely falsehood in a document can rise to a level of a "knowing" misrepresentation. In the particular circumstances of this case, we agree. Respondent, an experienced lawyer who was well aware of the relevance of a defendant's prior record in a criminal case and who knew his son's Florida arrest had not been disclosed, chose not to read a short document containing the essential terms of his son's probation. Respondent therefore knew that he didn't know what representations he was making. He is responsible for any errors. We therefore conclude Respondent violated Professional Conduct Rule 4.1(a).

We also conclude that Respondent violated Professional Conduct Rule 8.4(d). Respondent knew the prosecutor and deferral program administrator were relying on the information he gave them in ap-

proving his son for the deferral program. Signing and allowing his son/client to sign the Agreement without knowing whether it was accurate resulted in approval of his son for the deferral program based on false information that may have affected the outcome of the criminal case. By doing so, Respondent engaged in conduct prejudicial to the administration of justice in the case.

**Discipline:** In considering the appropriate discipline for his misconduct, we note Respondent's record in over 30 years of practice. For Respondent's professional misconduct, the Court imposes **a public reprimand.**

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer if one has been appointed, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.